UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRUCE A. MANDRELL,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security,<br><br>    Defendant. | Case No. 06-cv-612-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Bruce A. Mandrell's ("Mandrell") motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (Doc. 42). Commissioner of Social Security Michael J. Atrue ("Commissioner") has responded to the motion (Doc. 43), and Mandrell has replied to that response (Doc. 44). Mandrell seeks attorney's fees of over $20,000 for his attorney's work before this Court in obtaining reversal of the Commissioner's decision to deny Mandrell's application for Social Security Disability Insurance and Supplemental Security Income. The Court reversed that decision in December 2007, finding that the administrative law judge ("ALJ") had erred in assessing Mandrell's credibility and in discounting the medical opinion of Dr. Chirag Dave, Mandrell's treating physician. It then remanded the case for a new decision following reevaluation of steps four and five of the five-step inquiry for determining whether a claimant is disabled.

Under the EAJA, eligibility for a fee award requires "(1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final

judgment in the action and be supported by an itemized statement." *Commissioner of INS v. Jean*, 496 U.S. 154, 158 (1990). In this case, the Commissioner argues that its position was substantially justified and that the fees Mandrell requests were not reasonable.

I. **Substantially Justified**

When a Social Security plaintiff alleges the Commissioner's position was not substantially justified, the burden shifts to the Commissioner to show otherwise. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *see* 28 U.S.C. § 2412(d)(1)(A). He can do this by showing his position had a reasonable factual and legal basis. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Court of Appeals for the Seventh Circuit has articulated a three-part test to apply this standard: "It requires the government to show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded." *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000). The Court may award fees if either the Commissioner's pre-litigation conduct, including the ALJ's decision, or litigation position was not substantially justified. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004); *see Cunningham*, 440 F.3d at 863.

In this case, the Commissioner first argues that the substantial justification for his position is suggested by Magistrate Judge Wilkerson's acceptance of that position in his Report and Recommendation. The Court does not find this persuasive. The Supreme Court has noted that "the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Underwood*, 487 U.S. at 569. Furthermore, any weight this factor might have is counterbalanced by the fact that Mandrell has since applied for Social Security benefits for another disability period and was granted those benefits without

2

having to resort to the courts. While it is true that numerous objective factors all pointing in one direction might support a finding of substantial justification, *see id.*, one other judge's decision does not convince this Court.

The Commissioner next argues that the ALJ's failure to articulate his opinion with the requisite degree of specificity should not be held to indicate the Commissioner's position was unjustified. The Commissioner notes that the ALJ discussed the evidence related to Mandrell's claim and asserts that his findings had some objective medical support in the record. However, the mere failure to discuss the evidence and failure to adequately articulate the basis for opinions and findings were not the primary flaws that caused the Court to find the ALJ's opinion was not based on substantial evidence. The Court reversed the Commissioner's decision regarding Mandrell's credibility primarily because the ALJ mischaracterized numerous pieces of evidence, found discrepancies where there were none and drew credibility conclusions from those non-existent discrepancies. For example, the ALJ found Mandrell could go camping and cut fiberboard when it was clear that both of these activities resulted in trips to the emergency room. The ALJ also found that Mandrell could walk daily but failed to acknowledge that he is unable to do so in extreme temperatures or humidity. He also stated Mandrell played basketball when the evidence showed he only shot baskets. In addition, the ALJ did not comply with Social Security Rule 96-7p when assessing Mandrell's credibility. These and other errors listed in the Court's original opinion led to serious errors of fact or judgment in finding Mandrell not credible.

The Commissioner argues his position was justified because the ALJ relied on a statement in an April 2002 medical report, approximately five months after the incident that sparked Mandrell's breathing problems, that Mandrell was assisting his wife daily but part-time

3

in running a mini-mart and diner.  The Commissioner could not reasonably support the ALJ's credibility determination based on this piece of evidence.  The type of assistance Mandrell provided to his wife is not specified in the record, and without further details about the tasks Mandrell performed, the mere fact that he did some unspecified work every day could not be viewed as inconsistent with any restriction Mandrell or his treating physicians said he required.

As for the ALJ's decision to discount Mandrell's treating physicians' environmental restrictions, those restrictions were supported by medical findings in the record and were consistent with the evidence had it not been distorted by the ALJ.  The Commissioner's reliance on the ALJ's erroneous view of the evidence was not substantially justified.

The Commissioner has not met his burden of providing a substantial justification for supporting the ALJ's decision rooted in clear misinterpretation of the evidence.  The Court further finds that Mandrell is a prevailing party, that no special circumstances make an award unjust and that Mandrell's fee petition is timely.  The Court will therefore grant Mandrell's motion for attorney's fees and costs  (Doc. 42).

## II.     Reasonableness of Fees

The Court will not, however, grant Mandrell's attorney the amount she seeks.  The EAJA allows only awards of "reasonable attorney fees . . . based upon prevailing market rates for the kind and the quality of the services furnished," 28 U.S.C. § 2412(d)(2)(A), and the burden is on the party requesting fees to show they are reasonable, *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (42 U.S.C. § 1988 context);  *Lechner v. Barnhart,* 330 F. Supp.2d 1005, 1011 (E.D. Wis. 2004).  An attorney may not recover fees under the EAJA that he would not have billed to a private client.  *See Hensley,* 461 U.S. at 434.  The fees requested by Mandrell's attorney are unreasonable.

The Commissioner first objects to the general size of the request – more than $20,000 – in light of the average EAJA award for Social Security cases and the relative simplicity of the issues in this case. The Commissioner argues that the 124 hours claimed for this case in the District Court is more akin to the time spent in the District Court and Court of Appeals in other similar cases. The Commissioner acknowledges, however, that the administrative record in this case was larger than average, 820 pages.

Specifically, the Commissioner complains about the eight hours attributed to preparing, filing and serving the two-page complaint and correcting errors therein. The Court notes that Local Rule 9.1 provides guidance for preparing a complaint in an appeal of a decision by the Commissioner. In light of this guidance, it should only reasonably take a few hours at the most to prepare, file and serve a complaint in a case such as this, and eight hours is excessive. The Court will therefore reduce the fee request by six hours to account for this excessive charge.

The Commissioner next objects to the sixty-four hours Mandrell's counsel spent preparing the main brief in this case, longer than many attorneys spend on an entire case at the District Court level. However, this case required a lot of work. The administrative record was large, counsel briefed a number of issues and prepared a thorough brief of very good quality (and great quantity). Nevertheless, sixty-four hours is unreasonable. The Court will therefore reduce the fee award by twenty-five hours to account for this excessive charge for researching and drafting the main brief.

The Commissioner complains about the 2.25-hour billing entry for, among other things, reviewing Seventh Circuit Court of Appeals cases since 1999. Without more explanation of why such a comprehensive review was necessary for this case, the Court cannot find such a charge reasonable. To account for the unreasonableness of at least a portion of the 2.25-hour billing

5

entry, the Court will cut the charge in half, reducing it by 1.12 hours.

The Commissioner objects to billing entries having to do with technology issues, which are generally part of overhead expenses for a law office and are not directly billable to clients. Specifically at issue are entries for resolving a word processing problem, which comprised part of billing entries of .75, 2.75 and 4.5 hours. Parts of those charges are not the kind billed to a paying client, so they will be excluded here. The Court will reduce the hours billed by five hours to account for the excess.

Finally, the Commissioner objects to attorney time entries that appear to have been made by someone other than Mandrell's counsel. Counsel concedes that three billed entries (0, .87 and .08 hours) are actually attributable to her paralegal or law student worker and should therefore be billed at $35.00 per hour, not her attorney billing rate. The Court will accordingly reduce the attorney hours billed by .95 and will allow .95 paralegal hours at the lower rate.

Additionally, in her reply brief, Mandrell's counsel seeks to add an additional 4.42 hours for preparation of the pending motion for fees, review of the Commissioner's response and preparation of her reply brief. Because these fee items were not included in her original motion and the Commissioner has not had a chance to respond to them, the Court will disallow them.

After all adjustments are made, the Court will award fees for 86.39 attorney hours and .95 paralegal hours. Of the 86.39 attorney hours, 28.8 were in 2006 and will be calculated at $163.39 per hour ($4,705.63) and 57.59 were in 2007 and 2008 and will be calculated at $167.64 per hour ($9,654.39).[1] The .95 paralegal hours calculated at $35.00 per hour add another $33.25,

---

[1] Approximately 43% of counsel's briefing entries were in 2006 and 57% were in 2007. The Court has therefore applied 43% of the 25-hour reduction (10.75 hours) to counsel's 2006 hours and 57% of the 25-hour reduction (14.25 hours) to counsel's 2007 hours.

and costs add $864.63 for a total award of $15,257.90.

**III.    Conclusion**

For the foregoing reasons, the Court **GRANTS** the motion for attorney's fees pursuant to the EAJA (Doc. 42), **AWARDS** attorney's fees and costs to the plaintiff in the amount of $15,257.90, payable directly to Mandrell's counsel, Joni Beth Bailey, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  July 9, 2008**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**